**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

HOWARD TOGO WOOD, JR.                                                              PLAINTIFF
ADC #155339

v.                                              5:19-cv-00228-DPM-JJV

THOMAS BURNS, General Counsel; and
WENDY KELLEY, Director,
Arkansas Department of Correction                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.      INTRODUCTION

Howard Togo Wood, Jr. ("Plaintiff") is incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC").  He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants ADC Director Wendy Kelley and General Counsel Thomas Burns violated his constitutional right to access the courts and receive due process of law.  (Doc. No. 1.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

2

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

In his Complaint, Plaintiff alleges when he entered the ADC in 2013, ADC officials told him verbally and in writing that they would notify the Veterans Administration ("VA") he was incarcerated, and thus, no longer entitled to benefits. (Doc. No. 1.) However, they did not do so, and apparently, Plaintiff also did not send any notification to the VA. (*Id.*) In 2016, Plaintiff received a letter from the VA stating they had erroneously paid him approximately $75,000 in benefits.[1] (*Id.*)

In February of 2017, Plaintiff filed a negligence claim with the Arkansas State Claims Commission ("ASCC") alleging unspecified ADC officials failed to notify the VA of his incarceration. (*Id.*) On March 1, 2017, Defendants Kelley and Burns filed a Motion to Dismiss that claim. (*Id.*) Plaintiff says Defendants intentionally mailed that pleading to the wrong Unit, delaying his receipt until March 10, 2017. (*Id.*) Eleven days later, on March 21, 2017, Plaintiff

---

[1] Plaintiff has not explained who received those benefits on his behalf.

submitted his Response to the Motion to Dismiss to the ASCC. (*Id*.)  Importantly, Plaintiff says his Response included his allegation that Defendants mailed the Motion to Dismiss to the wrong Unit.  (*Id*.)  On April 13, 2017, the ASCC granted the Motion to Dismiss because Plaintiff's Response was untimely and dismissed his negligence claim.  (*Id*.)

On April 27, 2017, Plaintiff filed a Motion for Reconsideration renewing his allegation that Defendants intentionally mailed their Motion to Dismiss to the wrong Unit to prevent him from filing a timely Response. (*Id*.) Defendants filed a Response including documents purportedly establishing they mailed the pleading to the correct Unit.  (*Id*.) Plaintiff believes some of those papers contained false information, and he says his Reply contained "numerous documents" demonstrating the Motion to Dismiss was mailed to the wrong Unit.  (*Id.* at 15).  Plaintiff says that, after reviewing all the information provided by both parties, the ASCC denied his Motion for Reconsideration "based on the statements made by [the] ADC in the response to the motion for reconsideration and the attached documents."  (*Id.* at 16.)  Plaintiff appealed to the Arkansas General Assembly, which affirmed the ASCC's ruling on August 8, 2017.  (*Id*.) Approximately two years later, Plaintiff filed this *pro se* § 1983 action.   (*Id.*)

Prisoners have a constitutional right of access to the courts under the First Amendment and the due process clause of the Fourteenth Amendment.  *Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015).  But, that constitutional right does not guarantee the ability "to *litigate effectively*" or to prevail in court.  *Lewis*, 581 U.S at 354 (emphasis in the original); *Zink*, 783 F.3d at 1108.   Instead, the constitution is satisfied if the prisoner has "the capability of bringing contemplated challenges" before the courts. *Lewis,* 518 U.S. at 356; *Zink,* 783 F.3d at 1108.

Here, Plaintiff premises his constitutional claim on his belief that Defendants intentionally

4

mailed his pleadings to the wrong Unit.    But, Plaintiff admits in his Complaint that he was able to fully litigate that matter before the ASCC in his Response to the Motion to Dismiss, his Motion for Reconsideration, his Reply and, thereafter, in his appeal to the Arkansas General Assembly. Plaintiff's disagreement with the rulings he received from the ASCC and Arkansas General Assembly is not a denial of access to the courts or due process of law.    Accordingly, I conclude he has failed to plead a plausible constitutional claim.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."