IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HOWARD TOGO WOOD, JR.                                                                PLAINTIFF
ADC #155339

v.                                      5:19-cv-00228-DPM-JJV

THOMAS BURNS, General Counsel; and
WENDY KELLEY, Director,
Arkansas Department of Correction                                                   DEFENDANTS

## SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following supplemental recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

## I.    INTRODUCTION

Howard Togo Wood, Jr. ("Plaintiff") is incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants ADC Director Wendy Kelley and General Counsel Thomas Burns violated his constitutional right to access the courts and receive due process of law. (Doc. No. 1.) On July 25, 2019, I issued a Recommended Disposition suggesting the Complaint be dismissed without prejudice for failure to state a claim upon which relief maybe granted. (Doc. No. 7.) Thereafter, Plaintiff filed a lengthy Objection and Supplemental Clarification. (Doc. Nos. 8-9.) At the Court's request, I am issuing this Supplemental Recommended Disposition addressing whether those pleadings alter my initial recommendation. (Doc. No. 10.) After careful review, I conclude Plaintiff has clarified some of his factual assertions but still has not pled a viable claim upon which relief may be granted. Accordingly, I recommend the Complaint be dismissed without prejudice.

## II.   FACTUAL ALLEGATIONS

Plaintiff was receiving disability benefits from the Veterans Administration ("VA") when he arrived at the ADC in 2013. (Doc. No. 1.) During orientation, Plaintiff received an inmate

handbook explaining, among other things, that ADC officials would contact the VA so that agency could determine whether recently incarcerated individuals were still eligible to receive disability benefits. (Doc. No. 8 at 8.) Plaintiff signed a form acknowledging receipt of the handbook, which he believes made it a legally binding contract. (*Id*.) Neither prison officials nor Plaintiff sent notification to the VA, which resulted in Plaintiff receiving disability benefits for approximately three years. (*Id.* at 8, 61.) In February 2016, Plaintiff received a letter from the VA seeking reimbursement of approximately $75,000 in wrongfully paid benefits. (Doc. No. 1 at 11.)

On February 15, 2017, Plaintiff filed a claim with the Arkansas State Claims Commission ("ASCC") alleging ADC officials breached their contractual obligation to notify the VA of his incarceration. (Doc. No. 8 at 8.) At the time, Plaintiff was confined in the Bowie County Correction Center ("BCCC") in Texarkana, Texas. (*Id*. at 31-43.) However, for unknown reasons, the ADC's database said Plaintiff was in the Ouachita River Unit ("ORU") in Malvern, Arkansas.[1] (*Id*. at 12). On March 1, 2017, Defendants Kelley and Burns filed a Motion to Dismiss the ASCC claim and mailed it to Plaintiff at the ORU.[2] (Doc. No. 1 at 14.) Prison officials forwarded it to the BCCC, and it was received by Plaintiff on March 10, 2017. (Doc. No. 1 at 14.) Eleven days later, on March 21, 2017, Plaintiff filed his Response to the Motion to Dismiss, which included an allegation that Defendants intentionally mailed the Motion to Dismiss to the wrong unit to prevent him from timely responding. (*Id.;* Doc. No. 8 at 57-67.) On April 13, 2017, the ASCC granted

---

[1] The ADC records said Plaintiff was transferred to the BCCC on March 9, 2017. (Doc. No. 8 at 12.)

[2] On March 13 and 15, 2017, Plaintiff filed a Response to Defendants' Answer and a letter advising the ASCC and Defendants that they had mailed their pleadings to the wrong address. He then requested they send all future pleadings to the BCCC. (Doc. No. 8 at 52-56.) But, Plaintiff provided that correction *after* Defendants mailed their Motion to Dismiss to the ORU on March 1, 2017.

the Motion to Dismiss, without addressing the merits of Plaintiff's breach of contract claim, because his Response was late. (*Id.* at 73.)

On April 27, 2017, Plaintiff filed a Motion for Reconsideration, which was denied. (*Id.* at 10-11, 68-72.) He then appealed to the Arkansas General Assembly, which affirmed the ASCC's ruling on August 8, 2017. (Doc. No. 1 at 16.) Plaintiff attempted to file a Motion to Vacate the Order of Dismissal, but the ASCC returned it without consideration because the case was closed. (Doc. No. 8 at 22-29). Approximately a year later, Plaintiff filed this *pro se* § 1983 action. (Doc. No. 1.)

### III. DISCUSSION

Prisoners have a constitutional right of access to the court under the First Amendment and the due process clause of the Fourteenth Amendment. *Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015). To state a viable access to the court claim, a prisoner must plead facts suggesting (1) "the state has not provided an opportunity to litigate a claim," which (2) "resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *Williams v. Hobbs*, 658 F.3d 842, 851–52 (8th Cir. 2011). Plaintiff's Complaint does not satisfy either element.

First, the Constitution requires access to the courts, but it does not guarantee the ability to "*litigate effectively*" or to prevail in court. *Lewis*, 581 U.S at 354 (emphasis in the original); *Zink*, 783 F.3d at 1108. Thus, the Constitution is satisfied if the prisoner has "the capability of bringing contemplated challenges" before the courts. *Lewis,* 518 U.S. at 356; *Zink,* 783 F.3d at 1108. Here, Plaintiff premises his constitutional claim on his belief that Defendants Kelley and Burns

4

intentionally mailed their Motion to Dismiss to the wrong Unit.[3] But, Plaintiff admits he was able to fully litigate that matter in his Response to the Motion to Dismiss, his Motion for Reconsideration, and his appeal to the Arkansas General Assembly. Plaintiff's disagreement with the rulings he received from the ASCC and Arkansas General Assembly is not a denial of access to the courts or due process of law. Also, Plaintiff has not explained why he could not have avoided dismissal by: (1) filing a motion asking the ASCC for an extension of time to file his Response; or (2) timely filing his Response before the remaining five days to do so expired.[4]

As to the second element, Plaintiff must plead facts suggesting he was unable to pursue an "nonfrivolous and arguably meritorious underlying legal claim." *Holt*, 806 F.3d at 1133; *Williams*, 658 F.3d at 851–52. Plaintiff's underlying legal claim is that the ADC breached its contractual agreement, as allegedly set forth in the inmate handbook, to inform the VA of his incarceration. To create a legally enforceable contract under Arkansas law there must be "legal consideration, mutual agreement, and mutual obligation." *Bank of the Ozarks, Inc. v. Walker,* 487 S.W.3d 808, 810 (Ark. 2016). There must be "mutuality of contract," which means "an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other." *Reg'l Care of Jacksonville, LLC v. Henry*, 444 S.W.3d 356, 360 (Ark. 2014). Importantly, "neither party is bound unless both are bound." *Id.* Plaintiff did not give or promise ADC officials anything in exchange for their alleged promise to contact the VA. And, he did not agree to his involuntary

---

[3] In his Objections, Plaintiff argues the ASCC violated his constitutional rights by denying his Motion for Reconsideration before receiving his Reply and refusing to file his Motion to Vacate the Order of Dismissal. (Doc. Nos. 8, 9.) But, he did not raise that claim in his Complaint or name the ASCC as a Defendant. It would be futile to allow Plaintiff to file an Amended Complaint doing so because the ASCC is immune from § 1983 claims. *See Gilliam v. Hodges*, No. 15-1663, 2015 WL 5449534 (8th Cir. Sept. 17, 2015) (holding the ASCC has "absolute, quasi-judicial immunity" from individual capacity claims and sovereign immunity from official capacity claims).

[4] The Motion to Dismiss was filed on March 1, 2017; Plaintiff received it on March 10, 2017; the deadline for mailing his Response was March 15, 2017; Plaintiff did so on March 21, 2017.

commitment to the ADC, thus the rules imposed on him through the ADC's inmate handbook provide no mutual assent. *See Willis v. Palmer*, 175 F. Supp. 3d 1081, 1114 (N.D. Iowa 2016) (handbook for involuntarily committed patients was not a legally binding contract). Thus, I conclude the facts in the Complaint do not establish an "arguably meritorious" breach of contract claim under Arkansas law.

I am not unsympathetic to Plaintiff's frustration with the ASCC's decision to dismiss his case because his Response to the Motion to Dismiss was late, instead of ruling on the merits of his breach of contract claim. But, for the reasons previously explained, the threshold for pleading a viable constitutional claim is high, and Plaintiff has not done so. Thus, I recommend the Complaint be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[5]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of August 2019.

---

[5] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE